[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Steven Walsh, Esq., Attorney for Petitioner.
Robert O'Brien, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION
The petitioner, after the state presented evidence on a motion to suppress, elected to plead to Robbery 1st, Conn. Gen. Stat. 53a-134(a)(3), Burglary 1st, Conn. Gen. Stat.53a-101(a)(2), 53a-8 (Accessory) and Kidnapping 1st, Conn. Gen. Stat. 53a-92(a)(2)(b), 53a-8 (Accessory). At sentencing he received a total effective sentence of twenty-five years, execution suspended at twenty years and five years probation.
The victim, who was sixty-nine years old at the time of the crime, was robbed by three males in his apartment. In the process of the robbery he was gagged, had an electrical cord wrapped around his neck, and threatened to be killed if he was not quiet.
At sentencing, the state's attorney recommended that the court impose a full 20 year sentence. In addressing the court he noted that the petitioner had some thirteen prior convictions dating back to 1970, a number of which were felonies. He also emphasized that the petitioner's record and his actions in that matter "serves to highlight the violence natural to this particular defendant."
At the hearing before this division, the petitioner claimed CT Page 5927 he did not do anything to harm this elderly victim as he was only the driver of the van. He further claimed that based upon the offer to the co-defendants, the sentence imposed by the trial court punished him for exercising his constitutional rights to a trial.
The state's attorney and the attorney pointed out the petitioner's horrendous prior record which included many crimes of violence, stating to the division that the petitioner was sentenced for a violent offense as a man with a violent criminal history.
The record shows that the sentencing judge rejected the same constitutional argument by stating ". . . increased sentence and exposure of your client is not because he exercised his rights to have a hearing. It's because he has a horrendous prior criminal record."
Considering the crime, the sentence imposed is neither inappropriate or disproportionate. The sentence is affirmed.
Norko, J.
Klaczak, J.
Purtill, J.